UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-02788-JLS-AGR                                                      Date: June 02, 2023
Title:  Santiago Juan Martinez v. Ford Motor Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  V. R. Vallery  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (Doc. 10)**

Before the Court is a Motion to Remand Case to Los Angeles Superior Court filed by Plaintiff Santiago Juan Martinez ("Martinez").  (Mot., Doc. 10.)  Defendant Ford Motor Company ("Ford") opposed, and Martinez replied.  (Opp., Doc. 13; Reply, Doc. 14.)  Having taken the matter under submission and considered the parties' briefs and other papers on file in this action, the Court DENIES Martinez's Motion.

**I.      BACKGROUND**

Martinez filed this "lemon law" action in Los Angeles County Superior Court on February 8, 2023.  (Compl., Doc. 1-2.)  In the Complaint, Martinez alleges that Ford violated California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") by selling him a defective 2020 Ford F-150 (the "Subject Vehicle"), failing to repair the Subject Vehicle "after a reasonable number of attempts," and then refusing to issue a refund, provide a replacement vehicle, or otherwise make restitution to Martinez.  (*See id.* ¶¶ 8–10, 18–26.)  The Complaint does not state a specific sum of damages that Martinez seeks in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02788-JLS-AGR                                    Date: June 02, 2023
Title:  Santiago Juan Martinez v. Ford Motor Company et al

    Ford received a copy of the Complaint on February 10, 2023.  (Maclear Removal Decl. ¶ 4, Doc. 1-1.)  Ford filed an Answer to the Complaint on March 13, 2023 in the Los Angeles County Superior Court.  (*Id.* ¶ 5.)  On March 16, 2023, Ford obtained a copy of the Retail Installment Sale Contract ("RISC"), the sales agreement for the Subject Vehicle.  (*Id.* ¶ 11.)  Ford states that the RISC identifies Martinez as the buyer of the Subject Vehicle by VIN and shows that he agreed to pay a cash price of $45,034.66 for the Subject Vehicle.  (*Id.* ¶ 13.)  The copy of the RISC that Ford filed with its Opposition to Martinez's Motion confirms that the Subject Vehicle's cash price was $45,034.66.  (Maclear Opp. Decl. Ex. A ("RISC"), Doc. 13-1 at 4–10.)  According to Ford, the receipt of the RISC was the first point at which it gained sufficient information to determine that the amount in controversy in this action likely exceeds the requisite threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).  (Maclear Removal Decl. ¶ 12.)

    Ford removed the case to this Court on April 13, 2023, asserting diversity jurisdiction.  (*See* Notice of Removal ("NOR"), Doc. 1.)  The Notice of Removal states that removal is proper because: (1) the parties are diverse; and (2) the amount in controversy exceeds $75,000. (*Id.* at 3–10.)  According to Ford, the cash price of the Subject Vehicle—$45,034.66—plus double that amount in civil penalties available under the Song-Beverly Act—a total of $135,103.98—easily exceed the $75,000 threshold before adding incidental damages and attorney's fees.  (*Id.* at 6–7.)  Martinez does not dispute either that the parties are completely diverse or that the amount in controversy exceeds $75,000; the Motion is based "solely . . . on procedural grounds"—*i.e.*, that removal was untimely.  (Mot. at 3–4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-02788-JLS-AGR            Date: June 02, 2023
Title: Santiago Juan Martinez v. Ford Motor Company et al

## II.     LEGAL STANDARD

### A.     Removal

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B.     Timeliness

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if thes case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-02788-JLS-AGR | Date: June 02, 2023 |
| Title: Santiago Juan Martinez v. Ford Motor Company et al | |

removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (cleaned up). The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Carvalho*, 629 F.3d at 884.

### III. DISCUSSION

#### A. Ford's Removal Was Timely

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

In its Notice, Ford states that "[t]he Complaint is silent as to the actual amount in controversy" and that the RISC, which it received on March 16, 2023, "revealed, for the first time, that the amount in controversy meets, if not exceeds, the amount in controversy threshold under 28 U.S.C. § 1332(a)." (NOR at 2.) Martinez's Complaint contains no allegations regarding how much he paid for the Subject Vehicle or the amount of actual damages that he seeks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-02788-JLS-AGR                      Date: June 02, 2023
Title: Santiago Juan Martinez v. Ford Motor Company et al

Martinez argues that, although he did not specify his damages in his Complaint, he specified in his Civil Cover Sheet and the Complaint's caption page that his claim fell within the unlimited jurisdiction of the Superior Court. (Mot. at 9.) Martinez asserts that, because the Civil Cover Sheet stated that his damages exceeded $25,000, and he was entitled to penalties of up to two times his damages as well as attorneys' fees, it was clear from the four corners of his Complaint that the amount in controversy must be at least $75,000. (*Id.* at 9 & n.1.) Martinez has not filed a copy of the Civil Cover Sheet with his Motion.

This Court has rejected the argument that the fact that a lemon law case was brought under the state court's unlimited jurisdiction—*i.e.*, that the damages sought exceed $25,000—is sufficient to show that the $75,000 threshold for diversity jurisdiction is met. *See, e.g.*, *Longoria v. Ford Motor Co.*, 2022 WL 16961482, at *3 (C.D. Cal. Nov. 16, 2022) (Staton, J.) (rejecting this argument because "the Civil Cover Sheet for Plaintiff's Complaint did not assert that his 'damages' exceed $25,000: it stated only that the 'amount demanded exceeds $25,000,' and did not specify what this amount includes"). Other courts in this District have also rejected such arguments. *See, e.g.*, *Cuevas v. Ford Motor Co.*, 2022 WL 1487178, at *3 (C.D. Cal. May 11, 2022); *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1001 (C.D. Cal. 2021).

Equally unavailing is Martinez's argument that, because the make, model, year, and VIN for his vehicle were included in the Complaint, Ford's "vast experience" with cases of this type should have made Ford aware that amount in controversy would total at least $75,000. (Mot. at 8–9.) As this Court put it in a similar case, even though "it is possible that Ford could have taken affirmative steps to ascertain the value of Plaintiff's lease without waiting for Plaintiff to provide the agreement, the Complaint itself does not clearly establish that the amount in controversy is met, and Ford was not required to take those steps." *Longoria*, 2022 WL 16961482, at *2 (citing *Harris*, 425 F.3d at 694). And

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02788-JLS-AGR                                                Date: June 02, 2023
Title:  Santiago Juan Martinez v. Ford Motor Company et al

another court in this District explained recently that the defendant's "*subjective* knowledge is irrelevant to determining when the 30-day clock begins." *Selinger v. Ford Motor Co.*, 2023 WL 2813510, at *4 (C.D. Cal. Apr. 5, 2023) (emphasis in original). Accordingly, the Court concludes that Martinez's initial pleading did not make it clear that the amount in controversy would exceed $75,000.

Next, the Court considers whether the RISC "is capable, upon receipt by [Ford], of acting as an 'other paper from which it may first be ascertained that the case is one which is or has become removable.'" *El-Said v. BMW of N. Am., LLC*, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (Staton, J.) (quoting 28 U.S.C. § 1446(b)(3)).  In other lemon law cases, this Court has previously found that a sales contract governing the purchase of a vehicle or a lease agreement can serve as "the first paper from which it may be ascertained that the case is . . . removable." *El-Said*, 2020 WL 1187171, at *3 (sales contract); *see also Longoria*, 2022 WL 16961482, at *2 (lease agreement); *Imery v. Nissan N. Am., Inc.*, 2022 WL 1639591, at *2 (C.D. Cal. May 24, 2022) (Staton, J.) (sales contract).  At least one other court in this District has reached the same conclusion regarding a RISC such as the one at issue here.  *See Selinger*, 2023 WL 2813510, at *4.

Martinez argues that the RISC was not necessary for Ford to allege plausibly that the amount in controversy here exceeds $75,000, but he does not dispute its contents. (Mot. at 8–9.)  Because the Court has already concluded that the amount in controversy could not be determined from the face of the Complaint, the record here indicates the RISC was the first document in this case from which the amount in controversy could be calculated.  The Court therefore finds that the RISC acted as an "other paper" from which it could first be ascertained whether the case was removable and "operated to trigger the second thirty-day removal window provided for in 28 U.S.C. § 1446(b)." *El-Said*, 2020 WL 1187171, at *3.  Because Ford filed its Notice of Removal within thirty days after it received the RISC, the removal was timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-02788-JLS-AGR                                                               Date: June 02, 2023
Title:  Santiago Juan Martinez v. Ford Motor Company et al

### B. Ford's Removal Was Proper

As noted above, pursuant to 28 U.S.C. §§ 1332, 1441, removal owing to an exercise of diversity jurisdiction is proper when there is complete diversity among the parties and the amount in controversy exceeds $75,000.  Here, there is no dispute that the parties are diverse: Martinez is a citizen of California and Ford is a Delaware corporation with its principal place of business in Michigan.  (Compl. ¶¶ 2–3; Maclear Removal Decl. ¶ 8.)

Nor is there any dispute that the amount in controversy exceeds $75,000: Martinez argues that this was clear from his initial pleading, while Ford argues that it only became clear after it received the RISC.  (Mot. at 8–10; NOR at 2–3.)

Under the Song-Beverly Act, reimbursement or restitution is "an amount equal to the actual price paid or payable by the buyer . . . and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B); Cal. Civ. Code § 1794(b).  The Song-Beverly Act also provides for civil penalties of up to double the amount of actual damages.  *See* Cal. Civ. Code § 1794(c).  Martinez seeks reimbursement of the price paid for the Subject Vehicle, additional costs, and "a civil penalty of up to two times the amount of actual damages." (Compl. ¶¶ 27–30.)  The RISC shows that the Subject Vehicle's cash price was $45,034.66.  (*See* RISC.)  The cash price of the Subject Vehicle—$45,034.66—plus double that amount in civil penalties available under the Song-Beverly Act—a total of $135,103.98—easily exceed the $75,000 threshold before adding incidental damages, costs, and attorney's fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02788-JLS-AGR                                    Date: June 02, 2023
Title:  Santiago Juan Martinez v. Ford Motor Company et al

Accordingly, the Court concludes that Ford's removal on diversity grounds was proper.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES Martinez's Motion to Remand.

Initials of Deputy Clerk: vrv